# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

LAIRD S. WINGO,

               Debtor.

Case No. A11-00437-DMD
Chapter 13

**Filed On 10/17/11**

## MEMORANDUM ON MOTION FOR RECONSIDERATION

On September 29, 2011, this court entered an order overruling the debtor's objection to Claim No. 4, filed by the IRS.[1] The debtor has filed a timely motion for reconsideration of that order. For the reasons stated below, the motion will be denied.

The debtor claims the court has mistakenly applied the Bankruptcy Code to overrule his claim objection. He says the validity and extent of the federal tax lien is not at issue here. Instead, he argues that the issue "is whether [the IRS tax lien] changes the nature of otherwise exempt property in bankruptcy into non-exempt property that is thereby prevented from being excluded from the bankruptcy estate."[2]

*Collier* notes that "an individual debtor may claim exemptions sufficient to remove all unencumbered property from the bankruptcy estate" and that a debtor's exempt property "may never be reached to satisfy a prepetition debt even, *with certain exceptions*,

---

[1] The IRS's amended Claim No. 4-2 is for $33,020.80. The IRS claims a security interest in the debtor's real estate, vehicles and other property by virtue of a tax lien recorded on April 29, 2011.

[2] Debtor's Mot. for Relief from Order Overruling Obj. to IRS's Proof of Claim, filed Oct. 11, 2011 (Docket No. 42).

if the debt is found to be nondischargeable."[3]  The "certain exceptions" are found in 11 U.S.C. § 522(c), which provides:

> (c)  Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, *except* –
>
> (1)  a debt of a kind specified in paragraph (1) or (5) of section 523(a) (in which case, notwithstanding any provision of applicable nonbankruptcy law to the contrary, such property shall be liable for a debt of a kind specified in such paragraph;
>
> (2)  a debt secured by a lien that is –
>
> . . .
>
> (B)  *a tax lien, notice of which is properly filed.*[4]

In other words, under § 522(c), exempt property remains subject to properly filed tax liens, as well as two types of priority unsecured claims: priority tax claims under § 523(a)(1) and domestic support obligations under § 523(a)(5).  Further, even a lien which might be avoidable under § 522(f) will encumber a debtor's exempt property unless the debtor takes

---

[3] 4 *Collier on Bankruptcy* ¶ 522.01 at 522-15 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)(emphasis added).

[4] 11 U.S.C. § 522(c) (emphasis added).

the further step of moving to avoid that lien.[5]  An "exemption by default" obtained under § 522(l) will not automatically avoid secured creditors' liens against the exempted property. As the Ninth Circuit BAP has explained, this would violate due process and "amount to a procedural ambush not sanctioned by the Constitution."[6]

A statutory tax lien cannot be avoided under § 522(f).  The debtor's exempt property is subject to the tax lien, notwithstanding his "exemption by default" under § 522(l). For the foregoing reasons, the debtor's motion for reconsideration will be denied.  An order will be entered consistent with this memorandum.

DATED:  October 17, 2011.

> BY THE COURT
>
> /s/ Donald MacDonald IV
> DONALD MacDONALD IV
> United States Bankruptcy Judge

Serve: L. Breuer, Esq.
       B. Wilson, Esq.
       R. Pomeroy, Esq.
       L. Compton, Trustee
       U. S. Trustee

10/17/2011

---

[5] 11 U.S.C. § 522(c)(2)(A); *see also Heintz v. Carey (In re Heintz)*, 198 B.R. 581, 584 (B.A.P. 9th Cir. 1996) (although debtor obtained valid "exemption by default" under § 522(l), in that no objections were made to his claimed exemptions, his property remained subject to a creditor's prepetition judicial lien).

[6] *Morgan v. FDIC (In re Morgan)*, 149 B.R. 147, 152 (B.A.P. 9th Cir. 1993).

3