# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

In re:

LAIRD S. WINGO,

        Debtor.

Case No. A11-00437-DMD
Chapter 7

## MEMORANDUM ON THIRD APPLICATION FOR ATTORNEY FEES

In June of 2011, this case was commenced under chapter 13. On July 6, 2012, the debtor's counsel, Louis Breuer, filed a third application for attorney fees which requested an award of $4,681.00 in fees and costs.[1] After the debtor converted this case to chapter 7, Mr. Breuer amended his third fee application to reduce his request to $2,024.00 in fees and $37.00 in costs. He also acknowledged that, in light of the conversion of the case, any fee award would not be paid through a chapter 13 plan.

Mr. Breuer contends his fee request is reasonable. His third application states:

> This case has involved unusual, unexpected, and extreme circumstances in that Attorney has had to litigate an appeal in the District Court in order to protect Debtor's exemptions, to formulate a plan so that the Debtor gets as much benefit as legally permissible from the Bankruptcy Code in dealing with his tax debt problems, and to facilitate confirmation of his Chapter 13 plans, all of which have been opposed by the trustee and/or the IRS.[2]

---

[1] Although this is his third application, Mr. Breuer has not yet been awarded fees in this case. His two earlier applications were filed prematurely and the amounts requested in those applications are incorporated into his third application.

[2] Third App. for Attorney Fees, filed Jul. 6, 2012 (Docket No. 100) at 2.

In a chapter 13 case, the court allows "reasonable compensation to the debtor's attorney . . . based on a consideration of the benefit and necessity of such services to the debtor and the other factors set forth in [§ 330]."[3] Fees are not allowed for services which were not "reasonably likely to benefit the estate; or necessary to the administration of the estate."[4] In chapter 13 cases within this district, the reasonableness of a fee request is evaluated under the fee guidelines found in AK LBR 2014-1(h)(2), and in consumer chapter 13 cases, the "no-look," presumptively reasonable fee for representing a debtor through chapter 13 confirmation is $3,500.00.[5]

Although Mr. Breuer's reduced fee request is well under the "no-look" sum provided by AK LBR 2014-1(h)(2), the court feels that further reductions to the fee request are appropriate. Mr. Breuer took novel and unsupportable positions with regard to the treatment of the secured claim of the IRS in this case. The IRS has a secured tax claim for $32,845.57, for unpaid income tax liability for 2004 and 2005.[6] The Bankruptcy Code provides that a chapter 13 plan must provide for full payment of secured claims, unless the secured creditor consents to other treatment or the debtor surrenders the property securing such claim to the creditor.[7] The Code further provides that a debtor's exempt property is

---

[3] 11 U.S.C. § 330(a)(4)(B).

[4] 11 U.S.C. § 330(a)(4)(A).

[5] AK LBR 2014-1(h)(2)[C]; General Order 2012-1, entered Mar. 1, 2012 (increasing the "no-look" fee amounts to $3,500.00 in consumer chapter 13 cases and $5,000.00 in business chapter 13 cases).

[6] *See* Claim No. 4-1, filed Apr. 4, 2012.

[7] 11 U.S.C. § 1325(a)(5).

2

nonetheless subject to a federal tax lien.[8]  In spite of these provisions, the plan Mr. Breuer initially filed for the debtor proposed paying the IRS just $4,253.00, on the theory that the debtor's homestead exemption would trump a federal tax lien.  Mr. Breuer filed an objection to the IRS's secured claim on the same ground.  The objection was overruled by this court and Mr. Breuer's appeal to the United States District Court was unsuccessful.

After the District Court affirmed this court's decision on the claim objection, Mr. Breuer filed two amended plans on the debtor's behalf.  The first one proposed to pay in full only the IRS's 2004 tax lien, and the second proposed full payment of the IRS's 2005 tax lien.  Mr. Breuer never submitted a plan that proposed full payment of the IRS's tax lien.  Because of this, the IRS objected to confirmation of both amended plans and the chapter 13 trustee recommended against confirmation.  The chapter 13 trustee also moved to dismiss this case because the debtor hadn't proposed a confirmable plan in more than eight months and was more than seven payments in arrears on his plan payments.  The debtor sought conversion of this case to chapter 7 on July 10, 2012, the same day that a continued hearing on the trustee's motion to dismiss was heard.

From the court's perspective, the bulk of the services which Mr. Breuer has provided failed to benefit the debtor.  His efforts to protect the debtor's exemptions were based upon a novel and unsupportable position.  A confirmable plan was never proposed.  The IRS's and trustee's objections to confirmation were well justified.  Mr. Breuer's services

---

[8] 11 U.S.C. § 522(c).

3

which did benefit the debtor were more of the type provided by an attorney representing a chapter 7 debtor – the preparation of the petition, schedules and statements, and representation of the debtor at the § 341 meeting. Typically, the fees charged for such services are in the $1,500.00 to $1,900.00 range. Accordingly, the court will grant Mr. Breuer's third application for attorney fees, in part, and award fees in the sum of $1,700.00 and costs in the sum of $37.00, for a total allowance of $1,737.00. After application of the retainer which Mr. Breuer received from the debtor, in the sum of $1,000.00, a balance of $737.00 remains. This sum will be allowed as a chapter 13 administrative expense, but will not be paid in this case unless the chapter 7 trustee recovers sufficient funds to make a distribution pursuant to 11 U.S.C. § 726(a).

    An order will be entered consistent with this memorandum.

    DATED:  September 6, 2012

                        BY THE COURT

                         /s/ Donald MacDonald IV
                        DONALD MacDONALD IV
                        United States Bankruptcy Judge

Serve:      L. Breuer, Esq.
              R. Pomeroy, Esq.
              W. Barstow, Trustee
              U. S. Trustee